UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SONYA USHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:21-cv-00097-MTS |
| | ) |
| KILOLO KIJAKAZI, *Acting Commissioner of* | ) |
| *the Social Security Administration*, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration, denying the application of Sonya Usher ("Plaintiff") for Disability Insurance Benefits ("DIB").[1]  In June 2019, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"), with an alleged onset date of November 08, 2015—the date when, at the age of fifty-six, Plaintiff broke the tibia in her left leg and required surgery and the implantation of hardware in an effort to repair the bone. (Tr. 135–144; 44).  In November of 2020, following a hearing, an Administrative Law Judge ("ALJ") issued his decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 10–16).  For the following reasons, the Court will reverse and remand.

**I.   Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically

---

[1] Section 405(g) of Title 42 provides for judicial review of the SSA Commissioner's "final decision."  After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 16), the Appeals Council denied Plaintiff's request for review, (Tr. 1); thus, the ALJ's decision stands as the Commissioner's final decision.

1

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment. *Id.* at §§ 404.1520(a)–(d). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5. *Id.* at § 416.920(e). At this point, the ALJ assesses the claimant's residual functional capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545. The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(f). If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.*

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842,

848 (8th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Even if substantial evidence would have supported an opposite decision, or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it.  *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision).  The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)).  Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

**II.     The ALJ's Decision**

The ALJ's decision in this matter conforms to the five-step process outlined above.  At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability.  (Tr. 12).  At Step 2, the ALJ found Plaintiff had the severe impairment

3

of "left sided proximal tibial plateau fracture status post open reduction and internal fixation." (Tr. 12). At Step 3, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 13). The ALJ found Plaintiff had the RFC to perform medium work, as defined in 20 C.F.R. § 404.1567(c), and *could* "frequently kneel, crouch, crawl, and be exposed to vibration and extreme cold temperatures and weather." (Tr. 13). At Step 4, the ALJ found Plaintiff could return to her past relevant work as a truck driver and as a machine operator. (Tr. 15). Because the ALJ concluded Plaintiff could return to her past work, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 16).

### III. Discussion

Plaintiff raises a few issues in this case, which are (1) whether medical evidence supports the RFC; (2) whether the ALJ's decision contains a sufficient narrative discussion as required by SSR 96-8p; and (3) whether the ALJ properly evaluated Plaintiff's reported pain and limitations. Because the Court concludes that the RFC is not supported by some medical evidence, the Court will not address Plaintiff's other arguments.

1. ***The RFC is not supported by some medical evidence.***

The ALJ concluded that Plaintiff had a "medium" level physical exertion level, which would mean Plaintiff could lift up to fifty pounds and could "frequent[ly]" lift and carry objects weighing up to twenty-five pounds. 20 C.F.R. § 404.1567(c). Besides those physical exertion levels that the ALJ determined Plaintiff could perform, the ALJ also found Plaintiff could "frequently kneel, crouch, crawl, and be exposed to vibration and extreme cold temperatures and weather." (Tr. 13).

"Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the

workplace." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (internal quotations and alterations omitted). Here, the Court has found nothing in the record, and the parties have pointed to nothing in the record, that establishes that Plaintiff can perform "medium" work. The government argues that, while some medical evidence must support the ALJ's RFC finding, there is no requirement that the evidence take the form of a medical *opinion*. That is accurate. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019). But here, not only does the record lack medical opinion evidence regarding Plaintiff's functional capacity, the record also lacks any functional evidence supporting the RFC. Indeed, two state agency medical consultants studied the record and each noted "a lack of functional evidence," (Tr. 45, 50). *See Bond v. Comm'r of Soc. Sec.*, 3:18-cv-369-MJN, 2020 WL 467699, at *3 (S.D. Ohio Jan. 29, 2020) (noting the ALJ, in determining the plaintiff's RFC, disregarded that notes of the physicians who reviewed the plaintiff's treatment records mentioned a lack of functional evidence in the record to determine the severity of the plaintiff's conditions).

    The only functional evidence in the record is Plaintiff's testimony that she *cannot* carry more than twenty pounds by herself and that even ten pounds "becomes a little challenging." (Tr. 33). While the ALJ is free to make credibility determinations on a claimant's self-reported limitations—when giving due regard for the factors that should be considered when assessing the consistency of a claimant's symptoms with the medical evidence—there is no other evidence in the record on Plaintiff's ability to carry anything. Indeed, here, there is not even evidence of Plaintiff's activities of daily living. *See Dixon v. Barnhart*, 324 F.3d 997, 1002 (8th Cir. 2003) (finding that even evidence of a claimant's daily life activities of driving, gardening, mowing, and shopping did *not* show the claimant necessarily could perform the exertional tasks of medium work).

5

Likewise, there is *nothing* that the Court has seen or to which the parties have pointed that suggests Plaintiff can frequently kneel, crouch, crawl, and be exposed to vibration and extreme cold temperatures and weather.  *See Peterson v. Colvin*, 5:14-cv-4110-LTS, 2016 WL 1611480, at *11 (N.D. Iowa Apr. 21, 2016) (holding that no medical evidence supported the ALJ's RFC finding that the claimant could sit or stand for thirty minutes at a time when "no medical source or other source" showed the claimant could sit or stand for more than fifteen minutes at once); *cf. Young v. Colvin*, 4:13-cv-426-CDP, 2014 WL 942942, at *12 (E.D. Mo. Mar. 11, 2014) (ALJ's RFC finding that the plaintiff could perform light work if she avoided even moderate exposure to extreme cold and heat, wetness, fumes, odors, dust, gases, and humidity was supported by "repeated pulmonary function tests" and treatment notes).

Because the Court concludes that the RFC is not supported by some medical evidence, the Court will not address Plaintiff's other arguments.

### CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's determination is not supported by substantial evidence on the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **REVERSED** and **REMANDED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 30th day of March 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE